STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
KENT, S.C. SUPERIOR COURT

LOUIS F. GEHRING, Plaintiff,

vs. C.A. No.: KC 04 1820

MONITRONIC INTERNATIONAL INC., and ANDERSEN, CRENSHAW & ASSOCIATES Defendants

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. Plaintiff, Louis F. Gehring (hereinafter "Plaintiff") brings this action for damages, declaratory judgment and injunctive relief against Defendant, Andersen Crenshaw & Associates (hereinafter "Andersen") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and R.I. Gen. Laws §6-13.1-1, *et seq.* for unfair and deceptive trade practices. (hereinafter, "State Act") in connection with the collection of a debt (hereinafter Debt") on behalf of Defendant, Monitronic International Inc. (hereinafter "Monitronic") against which Plaintiff seeks declaratory and injunctive relief.

## II. JURISDICTIONAL STATEMENT

2. This Honorable Court has jurisdiction over Plaintiff's equitable claims pursuant to R.I. Gen. Laws § 8-2-13. This Honorable Court has jurisdiction over Plaintiffs FDCPA claims pursuant to 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff is a natural person residing at 183 Charlotte Drive in the Town of East Greenwich, County of Kent, State of Rhode Island.

4. Defendant, Andersen, is a Texas corporation engaged in the business of collecting debts in this state and other states with its principal place of business located at 6166 North Central Expressway, Suite 1090, Dallas, Texas. The principal purpose of said Defendant's business is the

True Copy Attest
,Clerk
Offices of Clerk of Superior Court
County of Kent
Rhode Island

collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant, Monitronic, is a Texas corporation engaged in the home security business in this and other states with a principal place of business located at 12801 Stemmons Freeway, # 821, Dallas, Texas.

## IV. FACTUAL ALLEGATIONS

6. Defendant, Andersen is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692a(6).

7. On April 4, 2003 the United States District Court for the Northern District of Texas, Dallas issued judgment in favor Defendant in this case Monitronic and against several corporate defendants, namely Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC.

8. Plaintiff was either an officer or agent of Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC.

9. Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC were each incorporated and existing in the State of Delaware at the time the United States District Court for the Northern District of Texas, Dallas rendered the Judgment referenced in Paragraph 7, *supra*.

10. Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC were registered with the Rhode Island Secretary of State to conduct business within the State.

11. Pursuant to the laws of the State of Delaware, and the laws of the State of Rhode Island, Plaintiff is not liable personally for the Judgment to Defendant, Monitronic as referenced in Paragraph 7, *supra*.

12. Sometime in early 2004 and continuing, Defendant, Andersen, on behalf of Defendant, Monitronic sought to collect the aforesaid Judgment from Plaintiff personally by, *inter alia*, placing a notice on Plaintiff's consumer credit report listing the aforesaid judgment as a personal, outstanding, delinquent obligation in excess of $1,000,000.00.

13. Defendant, Andersen's conduct, in connection with the illegal collection of the Debt was done with the intent to harass, abuse and oppress Plaintiff.

14. Defendant, Andersen's conduct, in connection with the illegal collection of the Debt was false, deceptive and misleading.

True Copy Attest
Jane M. Anthony
Clerk of Superior Court, Clerk
County of Kent
Rhode Island

15. Defendant, Andersen, in connection with the illegal collection of the Debt, falsely represented Plaintiff's legal status in relation to the Debt.

16. Defendant, Andersen, in connection with the illegal collection of the Debt, threatened to take legal action that it could not have legally taken, to wit, the collection of the Debt from the Plaintiff personally.

17. Defendants, Andersen and Monitronic, in connection with the illegal collection of the Debt, communicated knowingly false credit information to a third party, namely a credit reporting bureau.

18. Defendants, Andersen and Monitronic used false and misleading means attempting to collect the alleged Debt.

19. Defendants, Andersen and Monitronic sought to collect from Plaintiff, amounts they where not legally entitled.

20. As a result of Defendants' said conduct referenced, *supra* Plaintiff suffered damages.

## V. FIRST CLAIM FOR RELIEF

21. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 20 above.

22. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) The Defendants violated 15 U.S.C. § 1692d(2) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of the Debt.

   (b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the Debt from Plaintiff.

   (c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely misrepresenting the character, amount and legal status of the Debt sough from Plaintiff.

   (d) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that the it did not intended to be take.

True Copy Attest
,Clerk
Offices of Clerk of Superior Court
County of Kent
Rhode Island

(e) The Defendants violated 15 U.S.C. § 1692e(8) communicating credit information which was known or which should have been known to be false.

(f) The Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the Debt.

(g) The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law.

VI. SECOND CLAIM FOR RELIEF

23. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

24. R.I. Gen. Laws § 56-13.1-1, *et seq*., prohibits the use of unfair and deceptive acts and practices to defraud consumers

25. At the time of contracting with Plaintiff, Defendant made false and misleading statements and representations.

26. Defendant's conduct constitutes an unfair and deceptive trade practice pursuant to R.I. Gen. Laws § 56-13.1-1 et seq.

27. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the above violations of the State Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages and attorney's fees and costs.

VII. FIRST CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

29. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

30. That as a result of Defendants' conduct, Plaintiff subject to the collection of a corporate debt for which he has no personal liability.

True Copy Attest
Jane M. Anthony, Clerk
Office of Clerk of Superior Court
County of Kent
Rhode Island

31. That as a result of Defendants' conduct Plaintiff, his credit rating and his assets are exposed to substantial and immeasurable risk.

32. That the Plaintiff is fearful that immediate and irreparable harm may result without the protection of this Honorable Court.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the state Act;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. that any and all sums alleged to be due and owing the Defendants by the Plaintiff, personally be fully satisfied and discharged;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and R.I. G.L. §6-13.1-1(5);

E. A Declaration that Plaintiff has no personal liability of obligation relative to the alleged Debt; and

F. For such other and further relief as may be just and proper.

JURY DEMAND

Plaintiff claims a trial by jury on all issues so triable, and designates Gregory P. Sorbello, Esq., as trial counsel.

True Copy Attest
Jean M. Anthony, Clerk
Office of Clerk of Superior Court
County of Kent
Rhode Island

Respectfully Submitted,
LOUIS F. GEHRING,
By his attorneys,

Gregory P. Sorbello, Esq. (#6564)
FLAHERTY & LAWRENCE
70 Jefferson Boulevard
Warwick, RI 02888
Telephone: (401) 781-7200
Telecopier: (401) 781-0110

True Copy Attest
Jane M. Anthony, Clerk
Office of Clerk of Superior Court
County of Kent
Rhode Island