UNITED STATES DISTRIC[illegible] CA 05 055L
DISTRICT OF RHODE I[illegible]

| | | |
|---|---|---|
| LOUIS F. GEHRING | : | Petition for the removal from the Superior Court of Kent County, Rhode Island |
| VS. | : | |
| | : | |
| MONITRONIC INTERNATIONAL INC. and ANDERSEN, CRENSHAW & ASSOCIATES | : | State Court Case No.: KC04-1020 |

## NOTICE OF PETITION FOR REMOVAL

Comes now the Petitioner, Andersen, Crenshaw & Associates and hereby requests that the above-captioned Kent County Superior Court case be removed to the Federal District Court for the District of Rhode Island pursuant to this Court's jurisdiction under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 28 U.S.C. §1441(c) and 28 U.S.C. §1446. As grounds for this request, the Petitioner states as follows:

1. In the above-captioned Kent County Superior Court matter, the Plaintiff/Respondent specifically alleges that the Defendant/Petitioner violated certain sections of the Fair Debt Collection Practices Act (15 U.S.C. §1692, *et seq*) and requests that the Superior Court award damages pursuant to the federal statutory scheme.

2. Pursuant to 28 U.S.C. §1331, the Federal District Courts have original jurisdiction over all matters involving questions of federal law. 15 U.S.C. §1692k(d) provides that the United States District Court is an appropriate venue for claims pursuant to the Fair Debt Collection Practices Act.

3. Pursuant to 28 U.S.C. §1441(c), this Federal Court is also permitted to remove claims for relief that do not warrant removal independently if they if they are ancillary to a federal question. Here, though the Plaintiff' claims pursuant to Rhode Island General Laws §6-13.1-1 *et seq* do not merit federal jurisdiction independently, as an ancillary claim to the claim of the violation of the Fair Debt Collection Practices Act, they also can be removed to this District Court.

4. Pursuant to 28 U.S.C. 1446 and Local Rule 36, attached to this Notice are certified copies of the docket of the Superior Court action, as well as certified copies of all of the pleadings to date.

WHEREFORE, the Petitioner, Andersen, Crenshaw & Associates hereby requests that this Court remove the above-captioned matter from the Kent County Superior Court and have all matters heard under the jurisdiction of this United States District Court.

2

Petitioner/Defendant,
Crenshaw, Andersen & Associates,
By its Attorneys,

Taft & McSally LLP

Jeffrey S. Fleischaker, Esq. (#6444)
21 Garden City Drive
Cranston, RI 02920
(401) 946-3800
(401) 943-8859 (Fax)

DATED: 2/11/05

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the within Notice of Removal was sent via first class mail postage prepaid to **Gregory P. Sorbello, Esq.**, Flaherty & Lawrence, 70 Jefferson Boulevard, Warwick, RI 02888 and **Kent Superior Court Clerk**, 222 Quaker Lane, Warwick, Rhode Island, 02886 on this 11th day of February, 2005.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

KENT, S.C. SUPERIOR COURT

LOUIS F. GEHRING,
Plaintiff,

vs. C.A. No.: KC 04 1820

MONITRONIC INTERNATIONAL INC., and ANDERSEN, CRENSHAW & ASSOCIATES
Defendants

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. Plaintiff, Louis F. Gehring (hereinafter "Plaintiff") brings this action for damages, declaratory judgment and injunctive relief against Defendant, Andersen Crenshaw & Associates (hereinafter "Andersen") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and R.I. Gen. Laws §6-13.1-1, *et seq.* for unfair and deceptive trade practices. (hereinafter, "State Act") in connection with the collection of a debt (hereinafter Debt") on behalf of Defendant, Monitronic International Inc. (hereinafter "Monitronic") against which Plaintiff seeks declaratory and injunctive relief.

## II. JURISDICTIONAL STATEMENT

2. This Honorable Court has jurisdiction over Plaintiff's equitable claims pursuant to R.I. Gen. Laws § 8-2-13. This Honorable Court has jurisdiction over Plaintiffs FDCPA claims pursuant to 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff is a natural person residing at 183 Charlotte Drive in the Town of East Greenwich, County of Kent, State of Rhode Island.

4. Defendant, Andersen, is a Texas corporation engaged in the business of collecting debts in this state and other states with its principal place of business located at 6166 North Central Expressway Suite 1090, Dallas, Texas. The principal purpose of said Defendant's business is the

True Copy Attest
,Clerk
Offices of Clerk of Superior Court
County of Kent
Rhode Island

collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant, Monitronic, is a Texas corporation engaged in the home security business in this and other states with a principal place of business located at 12801 Stemmons Freeway, # 821, Dallas, Texas.

## IV. FACTUAL ALLEGATIONS

6. Defendant, Andersen is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692a(6).

7. On April 4, 2003 the United States District Court for the Northern District of Texas, Dallas issued judgment in favor Defendant in this case Monitronic and against several corporate defendants, namely Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC.

8. Plaintiff was either an officer or agent of Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC.

9. Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC were each incorporated and existing in the State of Delaware at the time the United States District Court for the Northern District of Texas, Dallas rendered the Judgment referenced in Paragraph 7, *supra*.

10. Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC were registered with the Rhode Island Secretary of State to conduct business within the State.

11. Pursuant to the laws of the State of Delaware, and the laws of the State of Rhode Island, Plaintiff is not liable personally for the Judgment to Defendant, Monitronic as referenced in Paragraph 7, *supra*.

12. Sometime in early 2004 and continuing, Defendant, Andersen, on behalf of Defendant, Monitronic sought to collect the aforesaid Judgment from Plaintiff personally by, *inter alia*, placing a notice on Plaintiff's consumer credit report listing the aforesaid judgment as a personal, outstanding, delinquent obligation in excess of $1,000,000.00.

13. Defendant, Andersen's conduct, in connection with the illegal collection of the Debt was done with the intent to harass, abuse and oppress Plaintiff.

14. Defendant, Andersen's conduct, in connection with the illegal collection of the Debt was false, deceptive and misleading

True Copy Attest
Clerk of Superior Court
County of Kent
Rhode Island
,Clerk

15. Defendant, Andersen, in connection with the illegal collection of the Debt, falsely represented Plaintiff's legal status in relation to the Debt.

16. Defendant, Andersen, in connection with the illegal collection of the Debt, threatened to take legal action that it could not have legally taken, to wit, the collection of the Debt from the Plaintiff personally.

17. Defendants, Andersen and Monitronic, in connection with the illegal collection of the Debt, communicated knowingly false credit information to a third party, namely a credit reporting bureau.

18. Defendants, Andersen and Monitronic used false and misleading means attempting to collect the alleged Debt.

19. Defendants, Andersen and Monitronic sought to collect from Plaintiff, amounts they where not legally entitled.

20. As a result of Defendants' said conduct referenced, *supra* Plaintiff suffered damages.

## V. FIRST CLAIM FOR RELIEF

21. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 20 above.

22. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692d(2) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of the Debt.

    (b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the Debt from Plaintiff.

    (c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely misrepresenting the character, amount and legal status of the Debt sough from Plaintiff.

    (d) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that [illegible] it did not intended to be take.

True Copy Attest
,Clerk
Offices of Clerk of Superior Court
County of Kent
Rhode Island

(e) The Defendants violated 15 U.S.C. § 1692e(8) communicating credit information which was known or which should have been known to be false.

(f) The Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the Debt.

(g) The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law.

## VI. SECOND CLAIM FOR RELIEF

23. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

24. R.I. Gen. Laws § 56-13.1-1, *et seq*., prohibits the use of unfair and deceptive acts and practices to defraud consumers

25. At the time of contracting with Plaintiff, Defendant made false and misleading statements and representations.

26. Defendant's conduct constitutes an unfair and deceptive trade practice pursuant to R.I. Gen. Laws § 56-13.1-1 et seq.

27. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the above violations of the State Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages and attorney's fees and costs.

## VII. FIRST CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

29. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

30. That as a result of Defendants' conduct, Plaintiff subject to the collection of a corporate debt for which he has no personal liability.

True Copy Attest
, Clerk
[illegible] of Clerk of Superior Court
County of Kent
Rhode Island

31. That as a result of Defendants' conduct Plaintiff, his credit rating and his assets are exposed to substantial and immeasurable risk.

32. That the Plaintiff is fearful that immediate and irreparable harm may result without the protection of this Honorable Court.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the state Act;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. that any and all sums alleged to be due and owing the Defendants by the Plaintiff, personally be fully satisfied and discharged;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and R.I. G.L. §6-13.1-1(5);

E. A Declaration that Plaintiff has no personal liability of obligation relative to the alleged Debt; and

F. For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff claims a trial by jury on all issues so triable, and designates Gregory P. Sorbello, Esq., as trial counsel.

True Copy Attest
Jane M. Anthony, Clerk
Office of Clerk of Superior Court
County of Kent
Rhode Island

Respectfully Submitted,
LOUIS F. GEHRING,
By his attorneys,

Gregory P. Sorbello, Esq. (#6564)
FLAHERTY & LAWRENCE
70 Jefferson Boulevard
Warwick, RI 02888
Telephone: (401) 781-7200
Telecopier: (401) 781-0110

True Copy Attest
Jane M. Anthony, Clerk
Office of Clerk of Superior Court
County of Kent
Rhode Island

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
KENT, S.C. SUPERIOR COURT

| | |
|---|---|
| LOUIS F. GEHRING, Plaintiff, vs. MONITRONIC INTERNATIONAL INC., and ANDERSEN, CRENSHAW & ASSOCIATES Defendants | C.A. No.: KC 04 1020 |

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

I. INTRODUCTION

1. Plaintiff, Louis F. Gehring (hereinafter "Plaintiff") brings this action for damages, declaratory judgment and injunctive relief against Defendant, Andersen Crenshaw & Associates (hereinafter "Andersen") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and R.I. Gen. Laws §6-13.1-1, *et seq.* for unfair and deceptive trade practices. (hereinafter, "State Act") in connection with the collection of a debt (hereinafter Debt") on behalf of Defendant, Monitronic International Inc. (hereinafter "Monitronic") against which Plaintiff seeks declaratory and injunctive relief.

II. JURISDICTIONAL STATEMENT

2. This Honorable Court has jurisdiction over Plaintiff's equitable claims pursuant to R.I. Gen. Laws § 8-2-13. This Honorable Court has jurisdiction over Plaintiffs FDCPA claims pursuant to 15 U.S.C. § 1692k(d).

III. PARTIES

3. Plaintiff is a natural person residing at 183 Charlotte Drive in the Town of East Greenwich, County of Kent, State of Rhode Island.

4. Defendant, Andersen, is a Texas corporation engaged in the business of collecting debts in this state and other states with its principal place of business located at 6166 North Central Expressway Suite 1090, Dallas, Texas. The principal purpose of said Defendant's business is the

True Copy Attest
,Clerk
Offices of Clerk of Superior Court
County of Kent
Rhode Island

collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant, Monitronic, is a Texas corporation engaged in the home security business in this and other states with a principal place of business located at 12801 Stemmons Freeway, # 821, Dallas, Texas.

## IV. FACTUAL ALLEGATIONS

6. Defendant, Andersen is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692a(6).

7. On April 4, 2003 the United States District Court for the Northern District of Texas, Dallas issued judgment in favor Defendant in this case Monitronic and against several corporate defendants, namely Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC.

8. Plaintiff was either an officer or agent of Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC.

9. Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC were each incorporated and existing in the State of Delaware at the time the United States District Court for the Northern District of Texas, Dallas rendered the Judgment referenced in Paragraph 7, *supra*.

10. Patriot Security, Inc., Nationwide Security, LLC and Patriot Security of New England, LLC were registered with the Rhode Island Secretary of State to conduct business within the State.

11. Pursuant to the laws of the State of Delaware, and the laws of the State of Rhode Island, Plaintiff is not liable personally for the Judgment to Defendant, Monitronic as referenced in Paragraph 7, *supra*.

12. Sometime in early 2004 and continuing, Defendant, Andersen, on behalf of Defendant, Monitronic sought to collect the aforesaid Judgment from Plaintiff personally by, *inter alia*, placing a notice on Plaintiff's consumer credit report listing the aforesaid judgment as a personal, outstanding, delinquent obligation in excess of $1,000,000.00.

13. Defendant, Andersen's conduct, in connection with the illegal collection of the Debt was done with the intent to harass, abuse and oppress Plaintiff.

14. Defendant, Andersen's conduct, in connection with the illegal collection of the Debt was false, deceptive and misleading.

True Copy Attest
Jane M. Anthony
Clerk of Superior Court, Clerk
County of Kent
Rhode Island

15. Defendant, Andersen, in connection with the illegal collection of the Debt, falsely represented Plaintiff's legal status in relation to the Debt.

16. Defendant, Andersen, in connection with the illegal collection of the Debt, threatened to take legal action that it could not have legally taken, to wit, the collection of the Debt from the Plaintiff personally.

17. Defendants, Andersen and Monitronic, in connection with the illegal collection of the Debt, communicated knowingly false credit information to a third party, namely a credit reporting bureau.

18. Defendants, Andersen and Monitronic used false and misleading means attempting to collect the alleged Debt.

19. Defendants, Andersen and Monitronic sought to collect from Plaintiff, amounts they where not legally entitled.

20. As a result of Defendants' said conduct referenced, *supra* Plaintiff suffered damages.

V. FIRST CLAIM FOR RELIEF

21. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 20 above.

22. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692d(2) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of the Debt.

(b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the Debt from Plaintiff.

(c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely misrepresenting the character, amount and legal status of the Debt sough from Plaintiff.

(d) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that it did not intended to be take.

True Copy Attest
,Clerk
Offices of Clerk of Superior Court
County of Kent
Rhode Island

(e) The Defendants violated 15 U.S.C. § 1692e(8) communicating credit information which was known or which should have been known to be false.

(f) The Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the Debt.

(g) The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law.

## VI. SECOND CLAIM FOR RELIEF

23. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

24. R.I. Gen. Laws § 56-13.1-1, *et seq*., prohibits the use of unfair and deceptive acts and practices to defraud consumers

25. At the time of contracting with Plaintiff, Defendant made false and misleading statements and representations.

26. Defendant's conduct constitutes an unfair and deceptive trade practice pursuant to R.I. Gen. Laws § 56-13.1-1 et seq.

27. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the above violations of the State Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages and attorney's fees and costs.

## VII. FIRST CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

29. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

30. That as a result of Defendants' conduct, Plaintiff subject to the collection of a corporate debt for which he has no personal liability.

True Copy Attest
Jane M. Anthony, Clerk
Office of Clerk of Superior Court
County of Kent
Rhode Island

31. That as a result of Defendants' conduct Plaintiff, his credit rating and his assets are exposed to substantial and immeasurable risk.

32. That the Plaintiff is fearful that immediate and irreparable harm may result without the protection of this Honorable Court.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that defendants' conduct violated the FDCPA, and declaratory and injunctive relief for the defendants' violations of the state Act;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. that any and all sums alleged to be due and owing the Defendants by the Plaintiff, personally be fully satisfied and discharged;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and R.I. G.L. §6-13.1-1(5);

E. A Declaration that Plaintiff has no personal liability of obligation relative to the alleged Debt; and

F. For such other and further relief as may be just and proper.

JURY DEMAND

Plaintiff claims a trial by jury on all issues so triable, and designates Gregory P. Sorbello, Esq., as trial counsel.

True Copy Attest
M. Anthony ,Clerk
Office of Clerk of Superior Court
County of Kent
Rhode Island

Respectfully Submitted,
LOUIS F. GEHRING,
By his attorneys,

Gregory P. Sorbello, Esq. (#6564)
FLAHERTY & LAWRENCE
70 Jefferson Boulevard
Warwick, RI 02888
Telephone: (401) 781-7200
Telecopier: (401) 781-0110

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court ,Clerk
County of Kent
Rhode Island

RHODE ISLAND JUDICIAL SYSTEMS AND SCIENCES DATE 02/09/2
SUPERIOR COU CIVIL INFORMATION SYSTEM

DOCKET EVENT LISTING

CASE NO.: KC2004 1020 TYPE DECLARATORY JUDGEMENT
TITLE: LOUIS F GEHRING VS MONITRONIC INTERNATIONAL
FILING DATE: 11-29-2004 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| ANDERSEN CRENSHAW AND ASSOCIAT | BDF | Unknown,Attorney | AOR |
| GEHRING,LOUIS F | PLF | Sorbello,Gregory P. | AOR |
| MONITRONIC INTERNATIONAL INC | BDF | Unknown,Attorney | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|

CA 05 055 L

True Copy Attest
Jane M. Anthony
Offices of Clerk of Superior Court ,Clerk
County of Kent
Rhode Island

# STATE OF RHODE ISLAND SUPERIOR COURT

## CIVIL CASE COVER SHEET

Case * (Filled in by Clerk's Office)
KC 04 1020

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| LOUIS F. GEHRING | MONITRONIC INTERNATIONAL INC., and ANDERSEN, CRENSHAW & ASSOCIATES |

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**District Court Appeal** ☐ Yes (check type below)

| | | |
|---|---|---|
| ☐ AGA Agency appeal | ☐ DTP Deceptive trade practice | ☐ PRN Promissory note |
| ☐ ANT Anti-trust | ☐ EXT Excessive tax | ☐ PRT Partition |
| ☐ ASB Assault and battery | ☐ FOR Forfeiture | ☐ RIC Reinstate charter |
| ☐ BKA Book account | ☐ FRJ Foreign Judgment | ☐ RLP Real property |
| ☐ CIC Criminal inj. compensation | ☐ IDV Personal inj./property dam-vehicle | ☐ ROF Recovery of funds |
| ☐ CLA Common law assignment | ☐ INR Injunctive relief | ☐ SAB Sexual abuse |
| ☐ CLL Common law lien | ☐ IPL Interpleader | ☐ SPP Specific performance |
| ☐ CON Contract | ☐ LIB Libel/slander | ☐ SXH Sexual harassment |
| ☐ CNV Conversion | ☐ MLE Malpractice/legal | ☐ TAE Trespass and ejectment |
| ☐ CRC Criminal conversation | ☐ MME Malpractice/medical | ☐ TCO Title clearing (other than tax title) |
| ☐ CRJ Civil Rights Job Discrimination | ☐ MOT Malpractice/other | ☐ TCT Trustee/appt convey title |
| ☒ DEJ Declaratory judgment | ☐ PDM Property damage | ☐ TRA Trustee/accounting |
| ☐ DIN Recovery of damages/insurance | ☐ PDV Property damage / vehicle | ☐ UNM Uninsured motorist |
| ☐ DOJ Debt on judgment | ☐ PER Personal injury | ☐ WOM Mandamus. Writ of |
| ☐ DPC Denial of probate claim | ☐ PIV Personal injury-vehicle | ☐ WOR Replevin, Writ of |
| ☐ Other than above (specify type): | ☐ PRL Product liabilty | ☐ WRD Wrongful death |

MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| ☐ AOD Assessment of damages | ☐ EDP End partnership | ☐ PFR Petition for review |
| ☐ AOS Trustee successor | ☐ FOC Forfeiture of charter | ☐ PFS Perform surgery |
| ☐ AOT Trustee / appointment of | ☐ FRR Forclosure of right redemption | ☐ PIN Pet for inventory (wire tap) |
| ☐ ARA Arbitration award | ☐ GJI Grand jury investigation | ☐ PTD Pet to take deposition |
| ☐ CAR Arbitration /confirm | ☐ HAC Habeas corpus | ☐ PTE Petition to expunge |
| ☐ CFC Confirm compromise | ☐ LCN Level of community notification | ☐ R5A Rule 5A petition |
| ☐ CND Condemnation | ☐ MAW Material witness | ☐ REC Receivership |
| ☐ CNT Contempt | ☐ MEL Mechanics lien | ☐ RTA Arbitration referral |
| ☐ DOC Dissolution of corp. | ☐ OSW Out of state witness | ☐ SVP Sexually violent predator petition |
| ☐ DOT Trustee / declination of | ☐ PCR Post conviction relief | ☐ TCL Title clearing (tax title) |
| ☐ DSC Disclaimer | ☐ PFC Petition for constable | ☐ TLF Foreclosure / tax lien |
| ☐ Other than above (specify type): | ☐ PFI Petition for immunity | ☐ VAR Arbitration / vacate |

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

Is this a case that may require a trial for resolution? ☒ Yes ☐ No If yes: ☒ Jury ☐ Non-jury

( Attorney name and Registration # Gregory P. Sorbello, Esq. (#6564) 11/24/04 (Date)

Pro se/Name ____________________

True Copy Attest: [signature] Clerk of Superior Court, County of Kent, Rhode Island

STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

LOUIS F. GEHRING :

VS. : C.A. NO: 04-1020

MONITRONICS INTERNATIONAL, INC. :
And ANDERSON, CRENSHAW & :
ASSOCIATES, L.L.C. :

**DEFENDANT ANDERSON, CRENSHAW & ASSOCIATES, L.L.C.'s ANSWER TO PLAINTIFF'S COMPLAINT**

Anderson, Crenshaw & Associates, L.L.C. ("Anderson") [or hereinafter referred to collectively as Defendant] files this Answer as follows:

1. Anderson denies it violated the Federal Debt Collection Practices Act and/or the Rhode Island General Laws for unfair and deceptive trade practices and is without sufficient knowledge to either admit or deny the remaining allegations in paragraph 1.

2. Defendant denies the Court has jurisdiction since complete diversity of citizenship exists.

3. Defendant is without sufficient knowledge to either admit or deny the allegations in paragraph 3.

4. Anderson admits the allegations in paragraph 4 save and except for Anderson is a limited liability company as that term is defined by Texas law.

5. Defendant is without sufficient knowledge to either admit or deny the allegations in paragraph 5.

6. Anderson admits the allegations in paragraph 6.

7. Defendant is without sufficient knowledge to either admit or deny the allegations in paragraph 7.

8. Defendant is without sufficient information to either admit or deny the allegations in paragraph 8 but upon information and belief, said allegations are true and correct.

9. Defendant is without sufficient information to either admit or deny the allegations in paragraph 9 but upon information and belief, said allegations are true and correct.

FILED
05 FEB -2
KENT SUPERIOR
JANE M. ANTHONY

True Copy Attest
Jane M. Anthony, Clerk
Office of Clerk of Superior Court
County of Kent
Rhode Island

10. Defendant is without sufficient information to either admit or deny the allegations in paragraph 10 but upon information and belief, said allegations are true and correct.

11. Because Plaintiff did not adequately set forth the laws to which he is referring, Defendant is without sufficient information to either admit or deny the allegations in paragraph 11.

12. Anderson denies it attempted to collect the judgment from Plaintiff personally. Anderson does admit that its software package inadvertently reported the judgment on Plaintiff's credit report.

13. Anderson denies the allegations in paragraph 13.

14. Anderson denies the allegations in paragraph 14.

15. Anderson denies the allegations in paragraph 15.

16. Anderson denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Since paragraph 21 is an incorporation paragraph, no specific admission or denial is necessary. However, to the extent that such paragraphs are incorporated therein, Defendant reurges its admissions and/or denials as set forth.

22. Defendant denies the allegations in paragraph 22.

23. Since paragraph 23 is an incorporation paragraph, no specific admission or denial is necessary. However, to the extent that such paragraphs are incorporated therein, Defendant reurges its admissions and/or denials as set forth.

24. Inasmuch as Plaintiff appears to accurately define the specific Rhode Island law referenced therein, Defendant admits the statement in paragraph 24 and notes that no specific allegations are made therein.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

True Copy Attest
Jane M. Anthony ,Clerk
Offices of Clerk of Superior Court
County of Kent
Rhode Island

28. Defendant denies the allegations in paragraph 28. Defendant denies Plaintiff sustained any damages.

29. Since paragraph 29 is an incorporation paragraph, no specific admission or denial is necessary. However, to the extent that such paragraphs are incorported therein, Defendant reurges its admissions and/or denials as set forth.

30. Defendant states the allegations in paragraph 30 are non-sensical. To the extent Defendant understands the substance of Plaintiff's allegations, Defendant denies such allegations.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies that Plaintiff is entitled to any relief he seeks in his prayer.

Wherefore, the premises considered, Defendant prays that upon final hearing, Plaintiff have and recover nothing from his causes of action and that Defendant recovers its costs of court and expenses. Defendant prays for such other and further relief, at law or in equity, to which Defendant may be justly entitled.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Defendant affirmatively pleads the defense of statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

The Defendant affirmatively pleads the defense of statute of fraud.

**THIRD AFFIRMATIVE DEFENSE**

The Defendant affirmatively pleads the defense of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff has failed to state a claim upon which relief can be granted in that Plaintiff has failed to allege facts sufficient to show that the Plaintiff is entitled to relief against this Defendant, in fact or in law.

True Copy Attest
Jane M. Anthony
,Clerk
Office of Clerk of Superior Court
County of Kent
Rhode Island

**FIFTH AFFIRMATIVE DEFENSE**

The Defendant affirmatively pleads the lack of personal jurisdiction.

**SIXTH AFFIRMATIVE DEFENSE**

The Defendant affirmatively pleads lack of subject matter jurisdiction.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendant affirmatively pleads improper venue.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant was not a seller, Plaintiff was not a buyer from it. There was no affirmation of fact or promise which became the basis of any bargain between this Defendant and the Plaintiff and therefore, there are no express warranties which exist between the Plaintiff and Defendant as alleged.

**NINETH AFFIRMATIVE DEFENSE**

There is no particular purpose made known to this Defendant by the Plaintiff from the selection of the product referred to in the Plaintiff's Complaint and this Defendant did not select the product referred to in the Plaintiff's Complaint based upon any particular purpose made known to it by the Plaintiff and therefore, there is no fitness for particular purpose which applies to this action.

True Copy Attest
Jane M. Anthony ,Clerk
Office of Clerk of Superior Court
County of Kent
Rhode Island

**TENTH AFFIRMATIVE DEFENSE**

There are no implied warranties which exist in this action.

DEFENDANT
By Its Attorneys,

TAFT & McSALLY LLP

Jeffrey S. Fleischaker, Esq. #6444
21 Garden City Drive
P.O. Box 20130
Cranston, RI 02920
(401) 946-3800
(401) 943-8859 FAX

Dated: 2-9-05

CERTIFICATION

I hereby certify that a true copy of the within document was mailed, first-class, postage prepaid to Gregory P. Sorbello, Esq., FLAHERTY & LAWRENCE, 70 Jefferson Boulevard, Warwick, RI 02888 on the 9th day of February, 2005.

Jennifer Turcotte

True Copy Attest
Jane M. Anthony, Clerk
Offices of Clerk of Superior Court
County of Kent
Rhode Island