UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LOUIS F. GEHRING,<br>Plaintiff,<br><br>v.<br><br>MONITRONIC INTERNATIONAL, INC., and ANDERSEN, CRENSHAW & ASSOCIATES,<br>Defendants. | C.A. NO. 05-055L |

**DEFENDANT, MONITRONIC INTERNATIONAL, INC.'S ANSWER, CROSS-CLAIM AND JURY DEMAND**

The defendant, Monitronic International, Inc. ("defendant") hereby answers Plaintiff's Complaint paragraph by paragraph as follows:

## I. INTRODUCTION

1. The allegations in paragraph 1 appear to be allegations of law or for informational purposes only. To the extent that the allegations contained in Paragraph 1 are intended to allege any liability or wrongdoing against the defendant they are denied and the defendant calls upon the plaintiff to prove same.

## II. JURISDICTIONAL STATEMENT.

2. The allegations contained in Paragraph 2 are allegations of law to which no response is required and none is given. To the extent that the allegations contained in paragraph 2 are intended to allege any liability or wrongdoing, they are denied.



5

## III. PARTIES

3. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 and calls upon the plaintiff to prove the same.

4. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 and calls upon the plaintiff to prove the same.

5. Admitted.

## IV. FACTUAL ALLEGATIONS

6. The allegations contained in Paragraph 6 are allegations of law to which no response is required and none is given. To the extent that the allegations contained in Paragraph 6 are intended to allege any liability or wrongdoing against the defendant, they are denied.

7. Admitted.

8. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 and calls upon the plaintiff to prove the same.

9. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 and calls upon the plaintiff to prove the same.

10. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 and calls upon the plaintiff to prove the same.

11. Denied.

12. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 and calls upon the plaintiff to prove the same. To the extent that the allegations contained in Paragraph 12 are intended to allege any liability or wrongdoing on the part of the defendant they are expressly denied.

13. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 and calls upon the plaintiff to prove the same. To the extent that the allegations contained in Paragraph 13 are intended to allege any liability or wrongdoing on the part of the defendant they are expressly denied.

14. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 and calls upon the plaintiff to prove the same. To the extent that the allegations contained in Paragraph 14 are intended to allege any liability or wrongdoing on the part of the defendant they are expressly denied.

15. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 and calls upon the plaintiff to prove the same. To the extent that the allegations contained in Paragraph 15 are intended to allege any liability or wrongdoing on the part of the defendant they are expressly denied.

16. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 and calls upon the plaintiff to prove the same. To the extent that the allegations contained in Paragraph 16 are intended to allege any liability or wrongdoing on the part of the defendant they are expressly denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## V. FIRST CLAIM FOR RELIEF

21. Defendant repeats its answers to Paragraphs one (1) through twenty (20) and incorporates them by reference as if fully stated herein.

22. (a) through (g) Denied.

## VI. SECOND CLAIM FOR RELIEF

23. Defendant repeats its answers to Paragraphs one (1) through twenty-two (22) and incorporates them by reference as if fully stated herein.

24. The allegations contained in Paragraph 24 are allegations of law to which no response is required and none is given. To the extent these allegations are intended to allege any liability or wrongdoing, they are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## VII. FIRST CLAIM FOR DECLATORY AND INJUCTIVE RELIEF

29. Defendant repeats its answers to Paragraphs one (1) through twenty-eight (28) and incorporates them by reference as if fully stated herein.

30. Denied.

31. Denied.

32. Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 32 and calls upon the plaintiff to prove the same. To the extent that the allegations contained in Paragraph 32 are intended to allege any liability or wrongdoing on the part of the defendant they are expressly denied.

WHEREFORE, the defendant demands a judgment in his favor plus cost and such further relief as the Court deems just and proper.

## SEPARATE DEFENSES

### FIRST DEFENSE

Any damages sustained by the plaintiff were caused solely by the acts, actions or failure to act of persons other than the defendant.

### SECOND DEFENSE

Plaintiff has failed to minimize and mitigate damages incurred which precludes recovery against Monitronic International, Inc.

### THIRD DEFENSE

The defendant denies that it is liable for any of the claims contained in the Complaint, but in the event that it is found liable, it is entitled to an offset of any such liability on its part for any amounts actually paid by any person or entity heretofore or hereafter for any of the costs, damages and expenses alleged in the complaint or any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore and hereafter for any of the costs, damages and expenses alleged in the complaint.

**FOURTH DEFENSE**

The plaintiff's alleged injuries and damages, if any, were caused by a superseding, intervening act which was beyond the knowledge and control of the defendant.

**FIFTH DEFENSE**

Plaintiff's claim should be dismissed because it fails to state a claim upon which relief can be granted.

**SIXTH DEFENSE**

The defendant's actions did not constitute deceptive or unfair trade practices in violation of R.I.G.L. §56-13.1-1 et seq.

**SEVENTH DEFENSE**

The defendant is not responsible and/or liable for the alleged tortious conduct of third-parties.

**EIGHTH DEFENSE**

At all times relevant hereto, the defendant proceeded in good faith and in a commercially reasonable manner.

**NINTH DEFENSE**

The defendant is not a debt collector as defined in the Fair Debt Collection Practices Act and therefore cannot be held liable for any alleged damages pursuant to the Fair Debt Collection Practices Act.

## TENTH DEFENSE

The defendant hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the discovery proceedings in this case and hereby reserve the right to amend their answer to assert any such defense.

WHEREFORE, defendant, Monitronic International, Inc. demands judgment in its favor plus costs and such further relief as the Court deems just and proper.

## MONITRONIC INTERNATIONAL, INC.'S CROSS-CLAIMS AGAINST ANDERSON, CRENSHAW & ASSOCIATES, LLC

Monitronic International, Inc. ("Monitronic") hereby asserts the following cross-claims against Anderson, Crenshaw & Associates, LLC ("Anderson Crenshaw"):

## COUNT I - CONTRIBUTION

1. Plaintiff, Louis Gehring ("plaintiff") has asserted claims in the above-referenced action against Monitronic and Anderson Crenshaw seeking monetary damages, declaratory and injunctive relief for Monitronic's and Anderson Crenshaw's alleged violations of the Federal Fair Debt Collections Practices Act and unfair and deceptive trade practices.

2. Monitronic denies that it is liable to the plaintiff under any theory of liability alleged.

3. Anderson Crenshaw through their wrongful acts and/or omissions may be liable for the alleged injuries incurred by plaintiff.

4. In the event that Monitronic is adjudged liable to plaintiff, which Monitronic denies, Anderson Crenshaw is liable to Monitronic for contribution.

WHEREFORE, Monitronic International, Inc. demands that this Honorable Court enter judgment for contribution in its favor against Anderson, Crenshaw & Associates, LLC and award damages suffered by Monitronic International, Inc. including interest, costs, and fees incurred by Monitronic International, Inc. in defense of this action and such further relief as this Honorable Court deems just and proper.

**COUNT II - TORT-BASED INDEMNIFICATION**

5. Monitronic repeats its allegations to paragraphs one (1) through four (4) of the Cross-Claim and incorporates them by reference as if fully stated herein.

6. Monitronic is without fault and, if plaintiff was harmed as alleged, which Monitronic denies, then such harm is attributable to the wrongful acts and/or Anderson Crenshaw.

7. In the event that Monitronic is adjudged to be liable to plaintiff, which Monitronic denies, Anderson Crenshaw is obligated to indemnify Monitronic and hold it harmless against any losses, costs and/or damages which Monitronic may incur in defense of this action.

WHEREFORE, Monitronic International, Inc. demands that this Honorable Court enter judgment in its favor requiring Anderson, Crenshaw & Associates, LLC to indemnify Monitronic International, Inc. and hold it harmless against any losses, costs and/or damages which Monitronic International, Inc. may incur in defense of this action and such further relief as this Honorable Court may deem just and proper.

## COUNT III - CONTRACTUAL INDEMNIFICATION

8. Monitronic repeats its allegations to paragraphs one (1) through seven (7) of the Cross-Claim and incorporates them by reference as if fully stated herein.

9. Plaintiff seeks damages as the result of debt collection procedures employed by Anderson Crenshaw.

10. Anderson Crenshaw was attempting to collect a debt owed to Monitronic.

11. On or about February 5, 2003, Monitronic and Anderson Crenshaw entered into a "Contract for the Collection of Unpaid Accounts" which provided that Anderson Crenshaw would attempt to collect certain debts owed to Monitronic.

12. Paragraph 8 of the Contract for the Collection of Unpaid Accounts states:

> "Collector [Andersen Crenshaw] shall maintain professional and other liability insurance at all times during the term of this contract in amounts and providing coverage that is prudent in Collector's industry and shall indemnify, defend, and hold harmless Company [Monitronic] and Company's employees, officers, directors, shareholders, agents, successors and assigns from and against any and all losses, claims, demand, damages, suits, costs, liabilities and expenses (including attorneys' fees, expenses and court costs), of whatever type or nature, arising from or due to or connected with or resulting from or related in any way to any activity or omission of collector, or of its agents, attorneys, servants, or employees pursuant to this contract, or in the handling of monies pursuant to this Contract, or in collecting, or in attempting to collect the Referred Account or the breach by Collector of any representation, covenant or warranty made in this Contract, or the failure or alleged failure to perform a duty and/or obligation of Collector set forth in this Contract."

13. In the event that Monitronic is adjudged to be liable to plaintiff, which Monitronic expressly denies, Anderson Crenshaw is obligated to defend and indemnify Monitronic and hold it harmless against any losses, costs and/or damages which Monitronic may incur in defense of this action and for any judgment amounts entered against Monitronic.

WHEREFORE, Monitronic International, Inc. demands that this Honorable Court enter judgment in its favor requiring Anderson, Crenshaw & Associates, LLC to indemnify Monitronic International, Inc. and hold it harmless against any losses, costs and/or damages which Monitronic International, Inc. may incur in defense of this action and such further relief as this Honorable Court may deem just and proper.

**JURY DEMAND**

Monitronic International, Inc. demands a trial by jury on all issues raised herein and designates Timothy J. Duggan as trial counsel.

**MONITRONIC INTERNATIONAL, INC.**

By Its Attorney,

Timothy J. Duggan (#4574)
55 Pine Street, 3rd Floor
Providence, RI 02903
(401) 621-9147

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served on March 8, 2005 via first class mail, postage prepaid, upon:

Gregory P. Sorbello, Esq.
Flaherty & Lawrence
70 Jefferson Boulevard
Warwick, RI 02888

Jeffrey S. Fleischaker, Esq.
Taft & McSally LLP
21 Garden City Drive
P.O. Box 20130
Cranston, RI 02920

Timothy J. Duggan